UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHAWNN TEKALU MAYBERRY #246464,

    Petitioner,

v.                                            Case No. 2:19-CV-12

CONNIE HORTON,                      HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITIONER'S HABEAS PETITION

    This is a habeas corpus petition brought by state prisoner Shawnn Tekalu Mayberry pursuant to 28 U.S.C. § 2254. United States Magistrate Judge Maarten Vermaat issued a Report and Recommendation (R & R), recommending that the Court deny Mayberry's petition, deny a certificate of appealability, and not certify that an appeal would not be taken in good faith. (ECF No. 16.) Mayberry filed objections to the R & R. (ECF No. 17.)

    Upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and Mayberry's habeas petition should be denied.

## ANALYSIS

I. **"Other Acts" Evidence**

Mayberry argues that the state trial court's admission of "other acts" evidence violated his right to due process. The other acts evidence related to a string of robberies in 2005, a robbery at a Norton Shores gas station that occurred within six days of the charged robbery in this case, and Mayberry falling asleep at work. The magistrate judge extensively reviewed the record and found:

> Petitioner has failed to show that the court of appeals' decision upholding the admission of other acts evidence is contrary to clearly established federal law because there is no clearly established federal law supporting his position. Petitioner has failed to show that the court of appeals adjudication of his challenge to the admission of the evidence was based on an unreasonable determination of the facts because the record supports the appellate court's factual determinations. And, finally, the true heart of Petitioner's challenge—that the "other acts" evidence was admitted in violation of the state rules of evidence—is not cognizable on habeas review. Accordingly, Petitioner is not entitled to habeas relief on this issue.

(ECF No. 16 at PageID.580.)

Mayberry first objects to the magistrate judge's conclusion that the "Supreme Court has not clearly established that the admission of irrelevant evidence violates dues process." (ECF No. 17 at PageID.601.) Contrary to Mayberry's argument, *Schware v. Board of Bar Examiners*, 353 U.S. 232, 77 S. Ct. 752 (1957), did not clearly establish such a rule. In that case, the Board of Bar Examiners of New Mexico prevented the petitioner from taking the bar exam because of the petitioner's past affiliation with the Communist Party and use of aliases twenty years earlier. *Id.* at 234-38, 77 S. Ct. at 754-56. The Supreme Court held that "State of New Mexico deprived petitioner of due process in denying him the opportunity to qualify for the practice of law." *Id.* at 247, 77 S. Ct. at 760. This opinion did not clearly establish that irrelevant evidence violates due process in criminal proceedings. The Court finds no error in the magistrate judge's conclusion on this issue.

Mayberry next argues that the magistrate judge misconstrued his argument on this claim. Mayberry contends that evidence which "is both irrelevant and 'so unduly prejudicial that it renders the trial fundamentally unfair,'" . . . violates due process."[1] (ECF No. 17 at PageID.603) (citation omitted). Regardless of how Mayberry attempts to frame his argument, his claim is primarily premised on the state court's evidentiary ruling. "[E]rrors in application of state law, especially with regard to the admissibility of evidence, are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (quoting *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)). It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480 (1991). There is an exception: "If a ruling is especially egregious and 'results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief.'" *Wilson v. Sheldon*, 874 F.3d 470, 475 (6th Cir. 2017) (quoting *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). But courts have construed this exception "very narrowly." *Dowling v. United States*, 493 U.S. 342, 352, 110 S. Ct. 668, 674 (1990).

Here, the state court's ruling did not amount to a "denial of fundamental fairness." *Wilson*, 874 F.3d at 475. The state court held that the other acts evidence concerning the robberies was admissible under MRE 404(b).[2] (ECF No. 8-12 at PageID.311-314.) The state court determined that the evidence of the other robberies was relevant to show a common plan or scheme. The state court acknowledged some of the differences in the robberies but also found many similarities—the suspect carried a gun, wore dark clothes and a mask, and used a rental car. In the 2005

---

[1] Mayberry's reliance on *Payne v. Tennessee*, 501 U.S. 808, 111 S. Ct. 2597 (1991), is also misplaced because that case involved an Eighth Amendment claim. See *Stewart v. Winn*, 967 F.3d 534, 539 (6th Cir. 2020).
[2] Unlike the evidence of the robberies, Mayberry does not specifically address the evidence related to him sleeping at work in this part of his objections. The Court will address this evidence under the ineffective assistance of counsel analysis.

3

robberies, Mayberry was identified as a suspect and was pulled over driving a rental car. A search of the car revealed two handguns, a mask, gloves, and dark clothing. The Norton Shores robbery had additional similarities with the charged robbery—the suspect robbed a Shell gas station and fled in a late model Hyundai Sonata. The state court then determined that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. Mayberry's counsel made clear to the jury that Mayberry was not charged in any other robbery, and the trial court instructed the jury to only consider the evidence as possibly showing a common plan.

Mayberry has not cited a Supreme Court case with similar facts. "There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *See Bugh*, 329 F.3d at 512. Accordingly, he has not shown that the state court's decision is contrary to, or involved an unreasonable application of, clearly established Federal law. *See* 28 U.S.C. § 2254(d)(1).

In addition, Mayberry argues that the state court's decision was based on an unreasonable factual determination. *See* 28 U.S.C. § 2254(d)(2). In his objections, Mayberry identifies one error—the state court wrongly determined that there was a text message between Mayberry and an individual who was involved in the Norton Shores robbery that indicated the two were planning something involving a weapon. According to Mayberry, the state court made an unreasonable factual determination because the text message referred to a "piece" and not a weapon or a gun. The state court's factual determinations "shall be presumed to be correct" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Mayberry has failed to meet his burden that the state court's determination that the term "piece" meant weapon was an unreasonable factual determination. Accordingly, he has not shown the state court's decision was based on an unreasonable determination of the facts.

## II.     Confrontation Clause

Mayberry argues that one officer's testimony regarding another officer's police report violated Mayberry's rights under the Confrontation Clause. One issue is whether the testimony was introduced for the truth of the matter asserted or to explain why the officer proceeded with the investigation the way that he did. The state court held that the evidence was introduced for background on the investigation. (ECF No. 8-12 at PageID.316.)  The magistrate judge was skeptical but determined "[a]bsent more specific guidance from the Supreme Court or a clearer line between evidence that is admissible because it is not offered for the truth of the matter asserted and evidence that is not admissible, [Mayberry] has failed to show that the Michigan Court of Appeal's rejection of his Confrontation Clause argument is contrary to, or an unreasonable application of, clearly established federal law." (ECF No. 16 at PageID.585.)  The magistrate judge also found that even if there were a Confrontation Clause violation, Mayberry was not entitled to relief on this claim because the deputy's report was cumulative of Mayberry's interview, which was recorded and presented to the jury at trial.

Mayberry does not address the recorded interview in his objections; therefore, he has waived any challenge to this portion of the R & R.  *See Thomas v. Arn,* 474 U.S. 140, 155, 106 S. Ct. 466, 475 (1985).  Because the evidence in the deputy's report was also introduced to the jury through the recorded interview, Mayberry has failed to show that any alleged Confrontation Clause violation had a "substantial and injurious effect or influence" on the verdict as required by *Brecht v. Abrahamson*, 507 U.S. 619, 627, 637, 113 S. Ct. 1710, 1722 (1993). Accordingly, Mayberry is not entitled to relief on this claim.

## III.     Sufficiently of the Evidence

Mayberry argues that there was insufficient evidence to convict him of the armed robbery. He takes issue with the magistrate judge's conclusion that Mayberry conceded his clothing "matched" the description of the clothing worn by the suspect. Mayberry does not dispute that he had similar clothing but claims that many other individuals have the same clothing—"a generic black hoodie and do-rag." (ECF No. 17 at PageID.609.) Nonetheless, in holding that there was sufficient circumstantial evidence for a rational trier of fact to find Mayberry guilty beyond a reasonable doubt of at least aiding and abetting the armed robbery, the state court identified the following facts:

> Evidence was presented that defendant rented a 2013 Hyundai Sonata with license plate number 459KXE from July 5, 2014, until July 14, 2014. On July 8, 2014, a vehicle with license plate number 459KXE was observed approximately ¾ of a mile from the Shell station just a few minutes after the station was robbed at gunpoint. The robber of the Shell station was dressed in all black with a hoodie and a black nylon mask. When the police searched defendant's car, they found a black hoodie and a black do-rag. Defendant had previously been suspected of an armed robbery, and, in that case, when the police stopped defendant and searched his car, they also found clothing that matched the clothing worn by the robber. Defendant was also suspected of being involved in the July 2014 armed robbery in Norton Shores as previously discussed.

(ECF No. 8-12, PageID.314-315.)

Although the majority of the evidence was circumstantial, this Court agrees with the magistrate judge's conclusion that Mayberry is not entitled to relief. Based on the facts identified by the state court, a jury could reasonably infer that Mayberry had at least aided and abetted the robbery. *See Coleman v. Johnson*, 566 U.S. 650, 655, 132 S. Ct. 2060, 2064 (2012) ("[J]uries [have] broad discretion in deciding what inferences to draw from the evidence presented at trial . . ."). Accordingly, Mayberry has not shown that the state court's decision is contrary to, or an unreasonable application of, clearly established federal law.

### IV.     Ineffective Assistance of Counsel

Mayberry finally argues that he received ineffective assistance of counsel by his attorney (A) failing to investigate a surveillance video; (B) failing to obtain testimony from any alibi witness; (C) failing to object to the Confrontation Clause violation; and (D) failing to object to evidence that Mayberry was sleeping at work.  The Court addresses each in turn.

#### A.   Surveillance Video

Mayberry alleges that his defense counsel should have investigated a security video that could have shown he was at work at the time of the robbery.  The state court rejected this argument because a detective testified at the preliminary examination that the surveillance videos did not provide "any insight into the investigation" and Mayberry had not presented any evidence other than his assertions that the video would have been favorable to him.  (ECF No. 8-12 at PageID.317.)  The magistrate judge agreed—"[Mayberry's] speculation that the video might have been favorable to him is not sufficient to show that counsel acted in a professionally unreasonable manner by failing to obtain any video or to show that [Mayberry] suffered prejudice as a result of counsel's failure." (ECF No. 16 at PageID.593.)  Mayberry does not dispute that he does not know what the security video would have shown but claims that his attorney should have investigated. His conclusory allegations are insufficient to show that the state court's rejection of this claim is contrary to, or an unreasonable application of, clearly established federal law.

Mayberry also requests that the Court hold an "evidentiary hearing and appoint counsel so that [Mayberry] may establish the factual basis of the prejudice prong . . . ." (ECF No. 17 at PageID.614.)  The Sixth Circuit has recently explained that when the state court decides the claim on its merits, the federal habeas court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Stermer v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020)

7

(quoting *Cullen v. Pinholster*, 563 U.S. 170, 181, 131 S. Ct. 1388, 1398 (2011)). "[A] district court cannot use a federal evidentiary hearing to supplement the record when assessing a claim under § 2254(d)." *Id.* at 721 (citing *Keeling v. Warden, Lebanon Corr. Inst.,* 673 F.3d 452, 465 (6th Cir. 2012)). Here, the state court decided Mayberry's ineffective assistance of counsel claim on the merits. Accordingly, this Court cannot conduct an evidentiary hearing. Furthermore, there is no right to counsel on a petition for a writ of habeas corpus. *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993 (1987) (declining to extend constitutional right to counsel to collateral review). Because the Court cannot conduct an evidentiary hearing and given the procedural posture of this case, the Court will decline to appoint counsel at this stage.

    B. <u>Alibi Witness</u>

Mayberry also alleges that his defense counsel should have investigated and called four potential alibi witnesses at trial. The state court found that (1) three of the four witnesses could not have testified that Mayberry was working at the time of the robbery, and (2) defense counsel called the one witness that, according to Mayberry, could have testified that Mayberry never left work on the night of the robbery but that witness was "unsure" at trial. (ECF No. 8-12 at PageID.317.) The state court then held that Mayberry's own assertions without more did not establish that he received ineffective assistance of counsel. The magistrate judge agreed: "Once again, [Mayberry] offers nothing more than his own self-serving statement as to what these witnesses would have said." (ECF No. 16 at PageID.594.) Mayberry responds that "the magistrate judge and state court were wrong for the same reasons set forth in the previous section." (ECF No. 17 at PageID.614.)

As stated above, this Court cannot conduct an evidentiary hearing when the state court decided the claim on the merits. Furthermore, Mayberry does not address the magistrate judge's additional rationale for denying this claim:

> [E]ven the testimony Petitioner claims counsel should have obtained was not persuasive or exonerating. On the last day of trial, Petitioner detailed the testimony he had hoped counsel would elicit from the witnesses. (Trial Tr. V, ECF No. 8-10, PageID.289-291.) His explanation was convoluted, at best. Petitioner claimed that he had casual conversations with one or more of the witnesses while he was on break on the date of the robbery and that they would remember the conversations and the date because during the conversation he specifically related the date of the conversation to the date of an event they would remember, i.e., on the date of the conversation, Petitioner told the witness that the witness's upcoming court hearing was in six days. (*Id.*) Counsel attempted to refresh witness Cox's recollection with questions along those lines, to no avail. (Trial Tr. IV, ECF No. 8-9, PageID.267-270.)

(ECF No. 16 at PageID.595.)

The record reflects that defense counsel made the strategic decision not to call any additional witness because he did not think they could add anything to the record. (ECF No. 8-10 at PageID.280.) Based on this record, Mayberry has failed to show that the state court's rejection of his ineffective assistance claim regarding the alibi witnesses is contrary to, or an unreasonable application of, clearly established federal law.

C. Confrontation Clause

Mayberry claims that his attorney rendered deficient performance by failing to object to the alleged Confrontation Clause violation. The state court denied this claim because an attorney does not render inefficient assistance of counsel by failing to make a futile or meritless objection. Mayberry contends that this was not a meritless objection and relies on his Confrontation Clause argument. For the same reasons discussed under the Confrontation Clause analysis, Mayberry has not shown that he suffered any prejudice on this claim. He again fails to address that the evidence was cumulative of his interview. Because this Court finds that any Confrontation Clause violation was harmless, counsel's failure to object could not be prejudicial under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *See Wright v. Burt*, 665 F. App'x 403, 410 (6th Cir. 2016) ("[T]he standard for prejudice under *Strickland* is more onerous than the *Brecht* . . . .").

9

### D. Sleeping at Work

Mayberry claims that his attorney rendered deficient performance by failing to object to evidence that Mayberry was sleeping at work. The state court ruled that this evidence was admissible under state law. (ECF No. 8-12, PageID.312-313, 315.) The evidence was offered to rebut Mayberry's defense theory that he was at work at the time of the robbery and that he was closely monitored at work. The state court then held that any objection to this proposed evidence would have been without merit based on state law. The magistrate judge determined that the state court's determination that the proposed objection had no merit binds this Court, and counsel is not required to raise meritless or futile objections.

Mayberry argues that neither the state court nor the magistrate judge addressed whether this evidence was admissible under the Due Process Clause of the Fourteenth Amendment. As explained above, a state evidentiary ruling that "is especially egregious and 'results in a denial of fundamental fairness'" may violate the Due Process Clause. *Wilson,* 874 F.3d at 475 (quoting *Bugh,* 329 F.3d at 512). But the circumstances in this case do not rise to that level. The state court explained the relevance and importance of this evidence:

> Before trial, defendant submitted a notice that he intended to present evidence of an alibi that he was working when the armed robbery occurred. In defense counsel's opening statement, he reiterated several times that defendant's alibi was premised on the fact that he was well supervised at work and would not have been able to leave unnoticed. The prosecution's theory in rebuttal was that defendant was not as closely supervised as he asserted and could therefore leave work unnoticed for as long as necessary to commit the robbery. Thus, defendant's alibi defense made the question of whether defendant could leave work unnoticed a matter of consequence, and the fact that defendant was not closely supervised while at work was material. *Id.* at 388. Further, if defendant were able to sleep while at work, his doing so tends to show that he was not closely supervised. Because this makes the fact that he could leave unnoticed more probable, evidence of defendant's sleeping at work was also probative and admissible. *Id.* at 389-390.

\*   \*   \*

> Whether defendant was closely supervised at work was a crucial factor in this case. Defendant's alibi was premised on his assertion that he was at work and unable to leave for longer than ½ hour without his supervisor noticing. Proof that he was not closely supervised and therefore had more flexibility to leave and return without notice brought his alibi into question. Thus, the evidence was not unfairly prejudicial because it focused on a fact relevant to the case, not on something extraneous.

(ECF No. 8-12 at PageID.312-313, 315.)

Mayberry has failed to cite any case with similar facts. The inclusion of this evidence did not rise to the level of a due process violation and counsel's objection would have been futile. Accordingly, Mayberry has failed to show that the state court's rejection of this claim is contrary to, or an unreasonable application of, clearly established federal law.

### V.     Certificate of Appealability

Mayberry's final objection concerns whether the Court should grant a certificate of appealability. To warrant a grant of the certificate of appealability, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). In the instant case, the magistrate judge found that reasonable jurists would not have come to a different conclusion. This Court agrees. Reasonable jurists could not find that this Court's denial of Mayberry's claims was debatable or wrong. Thus, the Court will deny Mayberry a certificate of appealability.

### CONCLUSION

Having reviewed all of Mayberry's objections and finding no basis for habeas relief,

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 16) is approved and adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Mayberry's habeas corpus petition (ECF No. 1) is **DENIED** for the reasons set forth in the Report and Recommendation.

A separate judgment will enter.

This case is **concluded**.

Dated: July 14, 2021                                   /s/ Gordon J. Quist
                                                             GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE